## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

FERTILIZANTES MAYA SA                     CIVIL ACTION

VERSUS                                    NO:    19-12216

THORCO SHIPPING A/S, ET AL.               SECTION: "T" (4)

### ORDER

Before the Court is a **Motion for Leave to Intervene (R. Doc. 24)** filed by Gordon, Arata,

Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC ("Gordon Arata") seeking leave to

intervene in these proceeding pursuant to Federal Rule of Civil Procedure 24(a)(2). This motion is

not opposed. This motion was submitted on July 15, 2020 and heard on the briefs.

### I.     Background

On August 16, 2019, Plaintiff Fertilizantes Maya SA ("Fertilizantes") filed this action

against the M/V THORCO ROYAL, her engines, boilers, tackle, etc. (the "THORCO ROYAL"),

*in rem* and Defendants Thorco Shipping A/S, Hono Ship Investment, Inc. and Sun Alliance KK,

*in personam*, in a cause of cargo loss and/or damage, civil and maritime. R. Doc. 1. Fertilizantes

alleges that THORCO ROYAL was to sail 8,496.412 metric tons of Ammonium Nitrate ("Cargo")

from the Port of New Orleans to the Port of Puerto Quetzal, Guatemala. *Id.* Notwithstanding, when

the THORCO ROYAL arrived at the Port of Puerto Quetzal the Cargo was damaged. *Id.*

On May 29, 2020, counsel for Fertilizantes sent correspondence to the Court notifying it

that parties had settled all claims. R. Doc. 21. Accordingly, the District Judge presiding over the

case dismissed the action. R. Doc. 23.

On June 5, 2020, Gordon Arata filed this instant motion seeking leave to intervene. R. Doc.

24. Gordon Arata claims its interest in this case arose in January 2020 when the attorneys working

on this matter resigned and started their own law firm and Plaintiff and Xchanging elected to

continue their representation with these departing attorneys. R. Doc. 24-1, p. 2. Gordon Arata contends it has an interest in any proceeds, whether by judgment, settlement, or otherwise, in favor of Plaintiff and Xchanging in connection with this action. *Id.* As such, Gordon Arata contends it is entitled to intervene of right in this action. R. Doc. 24-1, p. 1.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 24 governs interventions in civil actions. Fed. R. Civ. P. 24.  Rule 24(a)(2) provides "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Fifth Circuit has expounded the four elements for intervention of right include (1) timeliness, (2) an interest in the subject matter of the litigation, (3) impairment of the applicant's interest if it is not allowed to intervene, and (4) inadequate representation of that interest by the existing parties." *Howse v. S/V Canada Goose I*, 641 F.2d 317, 320 (5th Cir. 1981).

## III.    <u>Analysis</u>

Gordon Arata contends that it is entitled to an intervention of right and be awarded attorney's fees as are deemed reasonable for its services in this action. R. Doc. 24-1.  In support, Gordon Arata further contends that it meets the Fifth Circuit four factor test for intervention. *Id.* Gordon Arata finally contends that intervention is essential to protect its interests in connection with this action, as a settlement or judgment without this intervention could result in a monetary loss for Gordon Arata and no full payment to it for the Gordon Arata Services. *Id.*

**A. Timeliness**

"The question of timeliness is largely within the district court's discretion." *Wilkerson v. Stalder*, No. CV 00-304-JJB-RLB, 2014 WL 12811962, at *2 (M.D. La. Oct. 23, 2014) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263-66 (5th Cir. 1977)). In considering the timeliness factor, the Fifth Circuit has created a four factor guideline: (1) the length of time during which the would-be intervenor actually know or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Stallworth*, 558 F.2d at 263-66.

The Fifth Circuit has clarified "[t]he requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by failure to apply sooner . . .  Federal courts should allow intervention where no one would be hurt, and greater justice could be attained." *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (internal quotations and citations omitted).Moreover, while the Fifth Circuit "has been reluctant to approve intervention after final judgment" it recognizes that "there are circumstances in which post-judgment intervention may be justified." *Howse*, 641 F.2d at 320.

In *McDonald*, the Fifth Circuit recognized, when an entity's interest is in the proceeds of an action, that a motion to intervene filed after the parties to the litigation agreed on a settlement is timely within the meaning of Rule 24. *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1072 (5th Cir. 1970). The Fifth Circuit explained, due to the nature of the requested intervention, "the merits

of the petition would not have been considered until the verdicts had been rendered anyway, for if the verdicts had been favorable to the defendants, there would have been no need to consider the petitioner's claim." *Id.* (permitting intervention where motion to intervene was filed hours after the judgment) *cf. Wilkerson*, 2014 WL 12811962, at *3 (denying motion to intervene filed over a motion after the court issued a final judgment).

In this case, Petitioner Gordon Arata claims its interest in this case arose in January 2020 when the attorneys working on this matter resigned and started their own law firm. R. Doc. 24-1, p. 2. Gordon Arata claims within months of the attorneys' resignation, it informed the departing attorneys of its intent to intervene. *Id.* Gordon Arata then filed its motion to intervene just shy of one week after the Court entered an order of dismissal whereby the Court retained jurisdiction of this action for all purposes for sixty (60) days. The Court, therefore, finds Gordon Arata promptly filed their motion and their motion is *prima facie* timely.

### B. Interest in the Subject Litigation

In *Gaines*, the Fifth Circuit found the district court erred by not permitting a law firm intervene in a litigation based on its interest which arose pursuant to a contingent fee contract. *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970) (per curiam). In *Gaines*, the Fifth Circuit also recognized that a law firm's right to intervention is not extinguished by a settlement and subsequent consent joint dismissal. *Id.* at 54.

Subsequent to its decision, the Fifth Circuit Court Judges have critiqued *Gaines*. *See, e.g., Gilbert v. Johnson*, 601 F.2d 761, 768 (Rubin, A. concurring) (5th Cir. 1979) (stating he would prefer for the law firm to not be entitled to intervene where its right to attorneys' fees can adequately be protected via assertion of a lien); *see also Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986) ("Although *Gaines* may not represent the most persuasive use of Fed. R.

Civ. P. 24, it binds us as the law of this Circuit until modified *en banc*."). Notwithstanding, "[f]rom *Gaines* forward, [the Fifth Circuit] has consistently held that an attorney's contingent fee is a sufficient 'interest relating to the property or transaction that is the subject of the action' for purposes of intervention." *Adam Joseph*, 919 F.3d at 866 (listing cases).

Here, Gordon Arata claims, in its capacity as counsel for Plaintiff and Xchanging, that it provided various reasonable, necessary professional legal services on behalf of Plaintiff and Xchanging in connection with this action. R. Doc. 24-1, p. 2-3. Gordon Arata further claims that under a contract for fee agreement with Plaintiff and Xchanging, Gordon Arata is to be paid a percentage of any amounts recovered by or on behalf of Plaintiff and Xchanging in connection with this action. R. Doc. 24-1, p. 3. As such, the Court finds that Gordon Arata has plead sufficient interest in this matter for the purposes of intervention.

### C. Impairment of Interest

The Fifth Circuit, in later interpreting Gaines, stated the discharged firm moved to intervene in order to protect its interest in the client's recovery . . . had demonstrated the requisite impairment' due to "the fact that the discharged firm would have had to initiate a subsequent action to collect the fees allegedly generated in the existing litigation." *United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 416 (5th Cir. 1991). As such, any argument that the discharged attorneys' interest is not impaired because they are not formally foreclosed from bringing another suit, runs afoul to the Fifth Circuit's interpretation of Rule 24, which focuses on the practical consequence. *Adam Joseph*, 919 F.3d at 867. As such, the Fifth Circuit has explicitly held that a discharged attorney's ability to institute a future proceeding does not negate its right of intervention. *Id.*

Here, should the Court not allow Gordon Arata to intervene, it would suffer prejudice due to its undoubtable need to institute a separate action to protect its interests. That Gordon Arata would need to instate a separate action to protect its interest is a decisive argument in favor of finding Gordon Arata's interest are impaired.

### D. Inadequate Representation of that Interest By Existing Parties

Finally, the Court considers the adequacy of representation of that interest. Here, the Fifth Circuit has held since Gaines, that existing parties are not concerned with protecting the discharged law firm's interest in contingent fees. *Gaines*, 434 F.2d at 54; *Adam Joseph*, 919 F.3d at 868; *Skinner v. Weslaco Indep. Sch. Dist.*, 220 F.3d 584 (5th Cir. 2000) ("parties to the underlying dispute cannot and will not adequately protect [discharged law firm's] interest"). As such, the Court finds Gordon Arata be permitted to intervene to adequately represent its interest.

Considering the totality of Rule 24's factors, the Court finds that Petitioner Gordan Arata has met all of the criterion for intervention as of right.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner Gordon Arata's **Motion for Leave to Intervene (R. Doc. 24)** is **GRANTED.**

New Orleans, Louisiana, this 4th day of September 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**